Date signed August 17, 2010



```
_____
        DUNCAN W. KEIR
      U. S. BANKRUPTCY JUDGE
```

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | | |
|---|---|---|---|
| In Re: | * | | |
| James Riffin, | * | Case No. | 10-11248-DK |
| | * | Chapter | 7 |
| | * | | |
| Debtors. | * | | |
| ************************************ | * | | |
| Mark J. Freidman, Chapter 7 Trustee, | * | | |
| | * | | |
| | * | | |
| Movant, | * | | |
| vs. | * | | |
| James Riffin, | * | | |
| | * | | |
| | * | | |
| Respondent. | * | | |

### MEMORANDUM OF DECISION

The Trustee in this Chapter 7 case has filed a motion (the "Motion") seeking modification of the automatic stay imposed by 11 U.S.C. § 362(a) (the "Automatic Stay") and approval of an agreement between the Trustee and Baltimore County, Maryland (the "County"). The County and Trustee by this Motion request that this Court allow the County to take actions as necessary to draw upon a letter of credit posted in accordance with a directive of the Circuit Court for Baltimore

County contained in an order signed December 17, 2007 in the case of Maryland Department of the Environment ("MDE"), et. al. vs. James Riffin, case no. 03-C-04-008920.  The agreement for which approval is sought further provides that the Trustee will cooperate with the County in conjunction with the County's efforts to draw upon the letter of credit so that the County can restore and remediate properties known as 10919 York Road and 13 Beaver Run Lane (the "Properties") as ordered by the Circuit Court for Baltimore County.  The orders of the Circuit Court for Baltimore County have been the subject of appeal(s) to the Court of Special Appeals of Maryland.  After the filing by Debtor of this bankruptcy case, certain orders and mandate were entered and issued by the Court of Special Appeals but subsequently withdrawn by order of that Court signed on July 10, 2010 (case no. 2379, September Term 2007).  The July 10, 2010 order further stayed all proceedings in that appeal pending further order of this United States Bankruptcy Court.

  The Trustee, supported at trial by the County, seeks an order of this court allowing the above identified state court proceedings to be prosecuted as necessary for presentment of the letter of credit (sometimes referred to as a "call" of a letter of credit), and to allow restoration/ remediation of the Properties from grading and associated changes made by Debtor to the Properties without permits from County or state authorities.  The letter of credit posted by Debtor pursuant to the Circuit Court's order of December 17, 2007, requires for presentment, *inter alia*, an order of the Circuit Court authorizing the beneficiary (Clerk of Circuit Court for Baltimore County) to sign the required sight draft for presentment.

  Debtor filed pleadings and memoranda opposing the Motion as well as a motion to compel the trustee to re-serve the Motion and a motion by Debtor to dismiss the Motion.  An evidentiary trial upon the matter was conducted on August 11, 2010 and concluded on August 12, 2010, at which time this court made oral findings and conclusions upon the record.

  As a preliminary matter, the court determined that the Motion was correctly served by the

Trustee and therefore the Debtor's motion to compel should be denied. Further the court determined that the Debtor's assertion contained in the Debtor's motion to dismiss, that the order of the Court of Special Appeals dated July 8, 2010 somehow rendered moot the Motion, was without basis. In summary, as to a determination of whether the Automatic Stay stays pending litigation in the state court, the forum state court and the bankruptcy court in which the bankruptcy case is pending, have concurrent jurisdiction. However, the bankruptcy court has exclusive jurisdiction as to granting any modification or relief from an automatic stay. *Klass v. Klass,* 377 Md. 13, 831 A.2d 1067 (2003). If the state court concludes that the automatic stay does not apply, the matter may still be reviewable by the bankruptcy court as a determination of whether the state's decision erroneously resulted in relief from a stay that was applicable. *In re Benalcazar*, 283 B.R. 514, 529 (Bankr. N.D. Ill. 2002). In this case, it is clear that the Court of Special Appeals did not decide the issue of applicability of the Automatic Stay but rather vacated post petition orders and deferred to this court the question of applicability of that stay and as to what relief from that stay should be granted (the latter issue being beyond the state court's jurisdiction). Therefore, the Debtor's motion to dismiss the Motion will also be denied.

      Upon the findings and conclusions stated by the Court on the record, the Court determines that the Automatic Stay is inapplicable to certain parts of the actions pending in courts of Maryland in the above identified cases and enforcement of remediation/ restoration, as delineated hereinafter. In the alternative should it be found that the Automatic Stay is applicable to those parts of the state court action, limited relief from stay should be granted to allow those actions as requested in the Motion. Finally, the court concludes that the Trustee's agreement with Baltimore County shall be approved.

      In summary, but without limitation to the full findings and conclusions orally stated upon the record by the court, the court finds that the Automatic Stay does not stay presentment of a letter

of credit issued by a non-debtor (in this case Republic Bank & Trust) for the benefit of a creditor or third party even if the letter of credit is for the purpose of satisfying an obligation of the debtor. *American Bank of Martin County v. Leasing Serv. Corp. (In re Air Conditioning, Inc. of Stuart)*, 845 F.2d 293, 296 (11th Cir. 1988).  However in this case, the presentment terms include a certified copy of a final order from the Circuit Court of Baltimore County authorizing its Clerk to execute a sight draft for presentment.  This Court determines that pursuant to 11 U.S.C. § 362(b)(4) the Automatic Stay does not stay the state court actions required for a final determination by the state courts as to the entry of the order required as a term of the letter of credit.  Further, the Automatic Stay does not stay the state court actions, or acts of Baltimore County and MDE as to any proceeding, order, or act required to restore and remediate the Properties to the extent ordered by the state court.  The permitted actions include any determination of fines or monetary damages owed by Debtor for acts done or failing to be done before the date of filing of the bankruptcy petition[1] to comply with applicable law and regulations as to the grading and defoliation of the Properties. However the Automatic Stay *does* stay any act to collect from Debtor or the bankruptcy estate, including the Properties, any monetary fines or other judgments arising from Prepetition violative acts of Debtor. This finding is in accord with the opinion of the United States Court of Appeals for the Fourth Circuit in the case of *Equal Employment Opportunity Commission v. McLean Trucking Company,* 834 F. 2d 398 (4th Cir. 1987).

> Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, *or attempting to fix damages for violation of such a law,* the action or proceeding is not stayed under the automatic stay.

---

[1] The period of time preceding and ending when this bankruptcy case was commenced by Debtor is herein referred to as "Prepetition."

*Id.* at 400.  *See also Securities and Exchange Commission v. Brennan,* 230 F.3d 65, 72-73 (2nd Cir. 2000).

In addition, were the Automatic Stay to stay the above-described actions of the County MDE, this court finds that cause is clearly demonstrated to grant relief in the form of modification of the Automatic Stay to permit the above described actions.  11 U.S.C. § 362(d).  Cause for relief from the automatic stay is not confined to the examples of lack of adequate protection or lack of equity and opportunity to effectively reorganize expressed in subsections (1) and (2) of Section 362(d).  *Raleigh v. Illinois Dept of Revenue,* 530 U.S. 15, 25, 120 S.Ct. 1951, 1958 (2000)(*citing Internal Revenue Service v. Bacha,* 166 B.R. 611, 612 (Bankr. D.Md. 1993))*; In re Shady Grove Tech Center Assoc. Ltd. Pship.*, 216 B.R. 386, 388 (Bankr. D.Md. 1998).  In this case, the strong Congressional policy that enforcement by governmental units of police and regulatory powers including matters of ground water management mandate that the protracted delay by the debtor of compliance with county and state law be brought to a conclusion.  The water course adjacent to the Properties and the Debtor's grading and defoliation is a source of water for Baltimore City and surrounding areas of counties connected to the city's public water system.  There are other property owners downstream of the Properties that may be adversely affected by the channeling of storm water caused by the Debtor's unauthorized actions.[2]  Resolution of this public safety and environmental issue should not be further delayed by the Automatic Stay in this case.

However as to Prepetition acts or failures by Debtor, the Automatic Stay does stay any act by the County or the State of Maryland to collect any monetary judgement or fine from Debtor, the Debtor's property, or from property of the bankruptcy estate.  That stay is not modified by this

---

[2] Debtor has argued that he is a railroad excluded from regulation by county and state as to land use.  This issue has been the subject of much litigation in various courts.  It is not a relevant issue before this court as to this Motion.

–5–

Order. Such liabilities can be asserted as claims in the bankruptcy case.[3] This Automatic Stay includes prohibition of any creation of a lien or other encumbrance upon the Properties for costs of remediation or other judgments or awards.

As to any acts by Debtor subsequent to the filing of the bankruptcy case,[4] the Automatic Stay does not stay any action by the County or State as against Debtor or any property that Debtor may have an interest in, except as to property in which the bankruptcy estate holds an interest. Section 541(a) of the Bankruptcy Code transferred to the bankruptcy estate all of the Debtor's interests in property held by Debtor at the time the bankruptcy case was filed (with limited exceptions set forth in the statute). Property of the estate includes the Properties. Generally, property interests acquired by a debtor postpetition, including earnings, are not property of the estate in a Chapter 7 case.

The Motion also asks this court to approve the agreement by the Trustee to cooperate with the County in seeking to obtain an order authorizing a call of the letter of credit and remediation of the Properties. The agreement includes an escrowing of the letter of credit proceeds and restrictions on its distribution, as well as a limited reimbursement to the Trustee for administrative expenses incurred. Debtor opposed approval, introducing evidence and arguing that the Properties are more valuable in their current regraded condition than if the materials added to the land were removed and the land revegetated.

The test for approval of an agreement by the Trustee affecting property of the estate is whether the agreement is within reasonable business judgment. The court does not substitute its

---

[3] The County has filed an adversary proceeding in this court seeking a determination that monetary awards in orders entered in cases before the Circuit Court of Maryland are non-dischargeable debts. That adversary proceeding is pending.

[4] Such period of time being referred to herein as "Post Petition."

own judgment as to what would be best for the estate but rather determines if the Trustee's proposed agreement falls within reasonable judgment under the circumstances of the case. *See Morris v. Nat'l Union Fire Ins. Co. (In re Eastwind Group, Inc.)*, 303 B.R. 743, 750 (Bankr. E.D. Pa. 2004)(when evaluating a proposed settlement, the court should "avoid second-guessing the Trustee in the exercise of his business judgment but rather should endeavor to ascertain whether the terms of the Trustee's proposed settlement fall below the lowest range of reasonableness."). The Trustee testified that in his judgment the outstanding orders and injunctions of the state court as to removal of fill and remediation of the Properties needed to be resolved in order for the Trustee to have an adequate opportunity to attempt to monetize these assets of the bankruptcy estate. In the Trustee's view, a prospective buyer or lender or other source of cash from sale or use of the Properties will be significantly adversely impacted by the looming litigation and potential remediation responsibilities associated with ownership or control of the properties. The testimony of the Trustee was consistent with the testimony of the Debtor's expert witness appraiser on cross examination. That witness acknowledged that litigation as to a property could adversely affect its marketability.

After considering all of the evidence, the court finds that the Trustee's agreements contained in the Agreement signed June 3, 2010[5] approval of which is sought by the Motion are clearly within reasonable business judgment. As to what should be done on the Properties, that is the subject of the litigation pending in the state court and any remediation plan as contemplated by the Agreement. The Trustee has on the record expressly reserved the right to argue for particular provisons in such a plan and its execution. It may be that, as Debtor asserts, some raising of the level of Beaver Run Lane or other change to the property elevation or condition should be

---

[5]The Agreement is in evidence as Movant's Exhibit 2.

approved. That determination is to be made in the process of the state court and as ordered by that court.[6]

The Trustee has made clear that the Trustee does not seek to exclude Debtor from participating in the state court appeals, motion for reconsideration or other actions. As the only lawful party to act for property of the bankruptcy estate, it appears clear that the Trustee becomes a necessary party to actions affecting the property of the estate. As to whether Debtor also has standing to appear and be heard in the state court actions, that question can only be answered by the forum court(s). This court observes that in the Schedule C filed in the bankruptcy case, Debtor initially claimed no exemption for any interest in the Properties. Subsequent to the filing by the Trustee of the Motion, Debtor filed an Amended Schedule C. However the amendments do not appear to add an interest in the Properties to the Debtor's exemptions but rather only list the various court actions concerning the Properties. As to court actions against Debtor, it appears likely such are not assets for which an exemption creates a right in Debtor. *Cf. Schwab v. Reilly*, __ U.S. __, 130 S.Ct. 2652 (2010).

For the reasons stated on the record by the court at the trial of the disputed Motion and as further expressed by this Memorandum, the motion shall be granted and an order shall be entered as described in this Memorandum**.**

---

[6]The Order of the Circuit Court for Baltimore County dated December 17, 2007 provides for the creation of a formal mitigation/ restoration plan. This court does not review orders of the state courts. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 (1983)*; Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

cc:    United States Trustee
Chapter 7 Trustee
Debtor

John Beverungen
Adam Matthew Rosenblatt
Baltimore County Office of Law
Old Courthouse
400 Washington Ave, 2nd Floor
Towson, MD 21204

Mary F. Keenan
Counsel for Mayor and City Council of Baltimore
100 N. Holliday Street- LL82
City Hall- LL82
Baltimore, MD 21202

Clerk, Court of Special Appeals of Maryland
Case No. 2379, September Term 2007
361 Rowe Boulevard
Annapolis, MD 21401

**End of Memorandum**