IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES RIFFIN,

   *Appellant*,

v.

BALTIMORE COUNTY, MARYLAND,
and
MARYLAND DEPARTMENT OF THE
ENVIRONMENT,

   *Appellees*.

*In re* JAMES RIFFIN,

   *Debtor*.

Civil Action No. ELH-12-897

(*Bankruptcy Case No. 10-11248 & Adversary Proceeding No. 11-729 in the United States Bankruptcy Court for the District of Maryland*)

## MEMORANDUM

On July 16, 2012, this Court entered a Memorandum and Order (collectively, the "Dismissal Order") (ECF 12 & 13), dismissing appellant James Riffin's appeal from the Bankruptcy Court because of his failure to file a timely appellate brief pursuant to Rule 8009(a) of the Federal Rules of Bankruptcy Procedure. This Memorandum resolves Mr. Riffin's "Rule 60 Motion for Relief from Judgment or Order" (the "Rule 60 Motion") (ECF 14), filed on August 6, 2012. Appellees have filed an Opposition (ECF 19), and Mr. Riffin has filed a "Partial Reply" (ECF 20), and a "Reply" (ECF 22). He has also filed a belated appellate brief (ECF 24). No hearing is necessary to resolve the matter. *See* Local Rule 105.6. For the reasons that follow, the Rule 60 Motion will be denied.

### A. Timeliness of the Rule 60 Motion

Before addressing the merits of the Rule 60 Motion, the Court must preliminarily address the timeliness of the Rule 60 Motion and the effect of its timeliness (or lack thereof) on Mr.

Riffin's right to appeal the Dismissal Order to the United States Court of Appeals for the Fourth Circuit.  Regrettably, in ruling on a Motion for Stay (ECF 15) that was filed by Mr. Riffin in connection with the Rule 60 Motion, the Court perpetuated an error made by Mr. Riffin in his presentation of the Rule 60 Motion, with potential consequences to Mr. Riffin's ability to appeal my underlying ruling to the Fourth Circuit.  Although I will deny the Rule 60 Motion, the Court's error should not prejudice Mr. Riffin's appellate rights.  Accordingly, as I explain, I will rectify the error.

As noted, Mr. Riffin filed his Rule 60 Motion on August 6, 2012, twenty-one days after entry on the docket of the Dismissal Order of July 16, 2012.  As its title indicated, the Rule 60 Motion was predicated on Rule 60 of the Federal Rules of Civil Procedure, which governs relief from a judgment or order of a district court.  Along with the Post-Judgment Motion, Mr. Riffin filed the Motion for Stay.  The Motion for Stay was based on Mr. Riffin's presumption that the filing of the Rule 60 Motion would not automatically stay Mr. Riffin's time to note an appeal from the Dismissal Order.  In Mr. Riffin's view, in order to preserve his appellate rights, he was required under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure to file a notice of appeal from the Dismissal Order no later than August 14, 2012, regardless of whether the Court had ruled on the Rule 60 Motion by that time, unless I agreed to "stay [the] July 16, 2012 judgment until 10 days after … rul[ing] on Riffin's Rule 60 Motion." Motion for Stay ¶ 3.

This Court ruled on the Motion for Stay in an Order of August 13, 2012 (ECF 16).  In that Order, the Court took at face value the proposition that the Rule 60 Motion was governed by Fed. R. Civ. P. 60, and therefore regarded the Motion for Stay as unnecessary.  As a result, I denied it as moot.  I reasoned, ECF 16 at 1-2:

Rule 4(a)(4)(A)(vi) of the Federal Rules of Appellate Procedure expressly provides that "the time to file an appeal runs for all parties from the entry of the order disposing of [a motion] . . . for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered." Because Mr. Riffin's Rule 60 Motion was filed less than 28 days after entry of the Memorandum and Order, the filing of the Rule 60 Motion had the effect of automatically suspending the time to file an appeal, rendering the imposition of a stay unnecessary. *See, e.g.*, *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124 (2d Cir. 2011) ("Pursuant to Federal Rule of Appellate Procedure 4, a party must file a notice of appeal within thirty days from the date judgment is entered. Fed. R. App. P. 4(a)(1)(a). A party tolls its filing deadline, however, by filing a Rule 60(b) motion within twenty-eight days of the judgment's entry. Fed. R. App. P. 4(a)(4)(A)(vi).").

If it were proper to consider the Rule 60 Motion under Fed. R. Civ. P. 60, as Mr. Riffin presented it, that ruling would have been entirely correct. However, Mr. Riffin, appellees, and the Court overlooked that Fed. R. Civ. P. 60 does not apply when a district court is exercising appellate jurisdiction with respect to a decision of a bankruptcy court.

The exclusive avenue for post-judgment reconsideration of a district court's decision in a bankruptcy appeal is Rule 8015 of the Federal Rules of Bankruptcy Procedure, and not Fed. R. Civ. P. 60. Rule 8015 provides:

> Unless the district court or the bankruptcy appellate panel by local rule or by court order otherwise provides, a motion for rehearing may be filed within 14 days after entry of the judgment of the district court or the bankruptcy appellate panel. If a timely motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of subsequent judgment.

To my knowledge, the Fourth Circuit has not considered in a reported opinion the interplay between Rule 60 and Rule 8015. But, it appears that every reported federal appellate decision to have done so has held that "'Bankruptcy Rule 8015 provides the sole mechanism for filing a motion for rehearing' from a final order of the district court sitting in [its] capacity" as a bankruptcy appellate court. *In re Bli Farms, P'ship*, 465 F.3d 654, 658 (6th Cir. 2006) (quoting

*In re Butler, Inc.*, 2 F.3d 154, 155 (5th Cir. 1993)) (some internal quotation marks and citations omitted).  Therefore, "irrespective of how parties characterize their motions for reconsideration in bankruptcy appeals," such motions should be considered under Rule 8015.  *English-Speaking Union v. Johnson*, 353 F.3d 1013, 1020 (D.C. Cir. 2004); *accord In re Zegeye*, Civ. No. DKC-04-1387, 2005 WL 544763, at *1 (D. Md. Mar. 4, 2005) ("When the district court is acting as an appellate court in a bankruptcy case, Rule 8015 provides the sole mechanism for filing a motion for rehearing.").

Notably, several of the foregoing decisions have also observed that Rule 6 of the Federal Rules of Appellate Procedure, which governs appeals to the circuit courts from bankruptcy appellate decisions of the district courts, expressly makes Fed. R. App. P. 4(a)(4) inapplicable to such appeals.  *See* Fed. R. App. P. 6(b)(1)(A).  Rule 4(a)(4) is the tolling provision with respect to motions filed under Rule 60 upon which I relied in ruling that the Motion for Stay was moot. In so ruling, the Court overlooked Fed. R. App. P. 6(b)(1)(A), Fed. R. Bankr. P. 8015, and the foregoing case law.

It follows that Mr. Riffin's Rule 60 Motion is properly considered under Rule 8015. And, under that rule, it is untimely: the Rule 60 Motion was filed 21 days after the Dismissal Order was entered, but a Rule 8015 motion must be filed within 14 days after such an order.  A timely Rule 8015 motion automatically stays the time to appeal, but an untimely Rule 8015 motion does not.  Therefore, contrary to the Court's previous ruling, the Rule 60 Motion did not have the effect of automatically staying the time to appeal from the Dismissal Order.

By erroneously ruling that the Rule 60 Motion stayed Mr. Riffin's time for appeal, the Court may well have lulled Mr. Riffin into failing to note an appeal that he otherwise would have

filed. Indeed, in the Motion for Stay, Mr. Riffin expressly stated his intent to appeal the Dismissal Order. Under Fed. R. App. P. 6 and Fed. R. App. P. 4(a)(1)(A), a notice of appeal was required to be filed within 30 days after entry of the Dismissal Order. On August 13, 2012, when the Court ruled on the Motion for Stay, 30 days had not yet elapsed since the entry of the Dismissal Order on July 16, 2012, and a notice of appeal filed by Mr. Riffin would still have been timely.

Mr. Riffin's appellate rights should not be lost through a mistake by the Court. The question is whether there is a way to rectify the Court's mistake. As noted, the Fourth Circuit has not addressed Rule 8015 in a reported opinion. However, it has done so in at least one unreported opinion of which I am aware. In *In re Anzoategui*, 972 F.2d 338, 1992 WL 189440 (4th Cir. 1992) (table) (unreported) (per curiam), the Fourth Circuit dismissed an appeal that was filed after the denial of an untimely motion for reconsideration under Rule 8015. The *Anzoategui* Court said: "Failure to comply with the time limit in Bankruptcy Rule 8015 prevents tolling of the time for filing an appeal." *Id.* Because the time to appeal had not been tolled, the Court observed that the appellant had "noted this appeal outside the thirty-day appeal period established by Fed. R. App. P. 4(a)(1), read in conjunction with Fed. R. App. P. 6." *Id.* Moreover, of particular salience here, the *Anzoategui* Court observed that the appellant had "failed to move for an extension of the appeal period within the additional thirty-day period provided by Fed. R. App. P. 4(a)(5)." *Id.*

Rule 4(a)(5) provides a means of preserving Mr. Riffin's ability to appeal. It permits a district court to "extend the time to file a notice of appeal" under certain conditions.[1]

---

[1] As the *Anzoategui* Court noted, Fed. R. App. 4(a)(5) applies to appeals from bankruptcy

- 5 -

Three conditions are relevant here.  First, the appellant must move for the extension "no later than 30 days after the time prescribed by this Rule 4(a) expires," *i.e.*, no later than 30 days after expiration of the time to file a notice of appeal, which ordinarily is also 30 days (and so, in an ordinary case such as this one, the motion for extension must be filed within 60 days after entry of the order appealed from).  Fed. R. App. P. 4(a)(5)(A)(i).  Second, "regardless of whether [the] motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires," the extension must be justified on the basis of "excusable neglect or good cause."  Fed. R. App. P. 4(a)(5)(A)(ii).  Third, if the district court grants the extension, it may not exceed "30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later."  Fed. R. App. P. 4(a)(5)(C).

"An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment," in the discretion of the district court.  *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991); *accord Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003).  In the exercise of that discretion, I will reconsider my Order of August 13, 2012, which denied as moot the Motion for Stay, and will instead construe the Motion for Stay as a motion for extension of time to appeal pursuant to Fed. R. App. 4(a)(5).

The Motion for Stay satisfies the first condition mentioned above for extension of time to appeal under Fed. R. App. P. 4(a)(5): it was not filed "later than 30 days after the time prescribed by . . . Rule 4(a) expires."  Fed. R. App. P. 4(a)(5)(A)(i).  As noted, it was filed within the original time to appeal under Rule 4(a).  The second condition is also satisfied because, as I see

---

appellate decisions of district courts.  *See* Fed. R. App. P. 6(b)(1).

it, the Court's mistaken ruling that the Rule 60 Motion automatically tolled the time to appeal provides "good cause" for an extension of the time of appeal. Fed. R. App. P. 4(a)(5)(A)(ii). Accordingly, construed as a motion for extension under Rule 4(a)(5), the Motion for Stay will be granted. More than thirty days have elapsed since the expiration of the original time to appeal the Dismissal Order. Thus, pursuant to the third condition discussed above, Mr. Riffin will be required to file a notice of appeal, if any, no later than 14 days after this Memorandum and its accompanying Order are entered on the docket. *See* Fed. R. App. P. 4(a)(5)(C).[2]

Accordingly, I turn to the Rule 60 Motion itself.

### B.  Merits of the Rule 60 Motion

As noted, a motion for reconsideration of a district court's decision in a bankruptcy appeal must be considered under Rule 8015 of the Federal Rules of Bankruptcy Procedure. Under Rule 8015, Mr. Riffin's Rule 60 Motion was untimely, and that is an independently sufficient basis to deny it. However, out of an abundance of caution, and because the alternative ruling discussed in note 2, *supra*, would remove untimeliness as a ground to deny the Rule 60 Motion, I will consider the Rule 60 Motion on its merits.

---

[2] In the alternative, Rule 8015, by its own terms, as well as Rules 8019 and 9006(b) of the Federal Rules of Bankruptcy Procedure, permit the district court to extend the time to file a Rule 8015 motion. Therefore, if my ruling under Fed. R. App. P. 4(a)(5) is incorrect, I would exercise my discretion under Fed. R. Bankr. P. 8015, 8019, and 9006(b) to extend the time for Mr. Riffin to file a Rule 8015 motion, and treat the Rule 60 Motion as timely filed under Rule 8015. *See In re Blinder, Robinson & Co.*, 124 F.3d 1238, 1240 n.3 (10th Cir. 1997) ("The district court properly extended the time for filing a motion to reconsider pursuant to Fed. R. Bankr. P. 8015 and 9006(b)(1), which tolled the time for filing a notice of appeal."). If this alternative ruling applies, Mr. Riffin would have 30 days after entry of this Memorandum and its accompanying Order in which to appeal. However, it would be prudent for Mr. Riffin to file a notice of appeal, if any, within 14 days.

1.  Standard of Review

In *In re Zegeye*, *supra*, 2005 WL 544763, at *2, Judge Chasanow discussed the appropriate standard of review of a motion for rehearing under Rule 8015:

> Rule 8015 is silent as to the appropriate standards for granting a rehearing, and the Fourth Circuit has not designated a standard. At least two courts have applied the test traditionally used to evaluate motions for reconsideration. *See In re Envirocon Int'l Corp.*, 218 B.R. 978, 979 (M.D. Fla. 1998) (Rule 8015 motion is "reviewed in the same manner as a motion for reconsideration," and thus granted only if there is "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear and manifest injustice"); *Shawnee State Bank v. First Nat'l Bank* (*In re Winders*), 202 B.R. 512, 517 (D. Kan. 1996) (because "Rule 8015 is silent as to the standard for granting a rehearing, but granting a motion for reconsideration is within the discretion of the court whose order is subject to the motion," court would rehear only if "there is an intervening change in the controlling law or it becomes necessary to remedy a clear error of law or to prevent obvious injustice") (citations omitted). More courts, however, have found that "because Rule 8015 was derived from Fed. R. App. P. 40, it is appropriate to look to the appellate rule for guidance." *Olson v. United States*, 162 B.R. 831, 834 (D. Neb. 1993) (citing 9 COLLIER ON BANKR. § 8015.04 at 8015-4 (15th ed. rev. 1993)); *see Kosmala v. Imhof* (*In re Hessco Indus., Inc.*), 295 B.R. 372, 375 (B.A.P. 9th Cir. 2003) (citing *Olson*); *Illinois Dep't of Revenue v. Raleigh* (*In re Stoecker*), 179 B.R. 532, 539 (N.D. Ill. 1995) (citing COLLIER ON BANKR.); *Young v. Paramount Communications* (*In re Wingspread Corp.*), 186 B.R. 803, 807 (S.D.N.Y. 1995) (citing *Olson*); *see also United States v. Fowler* (*In re Fowler*), 394 F.3d 1208, 1215 (9th Cir. 2005) (noting conflicting authorities and finding no abuse of discretion where trial court relied upon Fed. R. App. P. 40).
>
> Appellate Rule 40 provides in part: "The petition must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended . . . ." Fed. R. App. P. 40(a)(2). Petitions for rehearing are designed to ensure that the appellate court properly considered all relevant information in rendering its decision. *In re Hessco Indus., Inc.*, 295 B.R. at 375 (citing *Armster v. U.S. Dist. Court*, 806 F.2d 1347, 1356 (9th Cir. 1986)). A petition for rehearing is not a means by which to reargue a party's case, *In re Hessco Indus., Inc.*, 295 B.R. at 375 (citing *Anderson v. Knox*, 300 F.2d 296, 297 (9th Cir. 1962)), or to assert new grounds for relief, *Sierra Club v. Hodel*, 848 F.2d 1068, 1100-01 (10th Cir. 1988) (per curiam).

2.  Discussion

This Court's dismissal of Mr. Riffin's appeal was based on his failure to file a timely appellate brief in accordance with Fed. R. Bankr. P. 8009(a), which requires the appellant's brief to be filed within fourteen days after the appeal is docketed in the district court.  I observed that on March 23, 2012, the date the appeal was docketed, the Clerk of the District Court issued a letter to Mr. Riffin at his address of record advising him of the docketing of the appeal and the fourteen-day deadline to file a brief.  I also observed that Mr. Riffin failed to file a timely appellate brief, and that, "[i]ndeed, nothing further was filed in this case until May 7, 2012, more than thirty days after appellant's brief was due," when the Court issued an Order directing Mr. Riffin to show cause why the appeal should not be dismissed.  ECF 12 at 3.  Mr. Riffin failed to rebut the presumption that he had received notice of the docketing of the appeal from the Clerk.  *See id.* at 5.  Moreover, I observed that in at least seven cases within the past two years, Mr. Riffin had failed to file a timely appellate brief in an appeal from the Bankruptcy Court, prompting the district court to order him to show cause why his appeal should not be dismissed.  Therefore, he was or should have been well aware of the deadline imposed by Fed. R. Civ. P. 8009(a).  I concluded:  "Mr. Riffin's litigation history bespeaks an utter disregard for the Court's procedures, which can only be remedied by appropriate sanction." *Id.* at 9.

In his Rule 60 Motion, Mr. Riffin advances numerous arguments for reconsideration of my ruling, but none has merit.  First, he argues that Fed. R. Bankr. P. 8009(a) is unconstitutional, as applied to him, because it is an infringement on his Fifth Amendment right of due process to be required to file an appellate brief within fourteen days.  But, Mr. Riffin did not merely fail to file an appellate brief within fourteen days.  He filed nothing at all (including a motion for

extension of time to file his appellate brief, which the Court almost certainly would have granted) until 59 days had elapsed since the docketing of the appeal.  In any event, Mr. Riffin did not raise this constitutional claim in his briefing to the Court before the Dismissal Order was entered, and he had ample opportunity to do so.  A motion for rehearing is not an opportunity "to assert new grounds for relief," *In re Zegeye*, 2005 WL 544763, at *2, and so this argument is waived.

Second, Mr. Riffin contends that this Court made a factual error in stating that, after the appeal was docketed on March 23, 2012, "nothing further was filed in this case until May 7, 2012," ECF 12 at 3, when the Court issued its show cause order.  But, to rebut this asserted error, Mr. Riffin points only to his filing on March 7, 2012, of the designation of the record in the Bankruptcy Court.  That occurred in a different court and before the time period I discussed.  The Court's statement was entirely accurate.

Third, Mr. Riffin renews his contention that he never actually received the Clerk's letter informing him that the appeal had been docketed.  In support of this claim, he asserts (for the first time in this Court, although he claims to have repeatedly brought this matter to the Bankruptcy Court's attention) that his address of record, 1941 Greenspring Drive, is a building that he manages but at which he does not maintain an office, and that his mail sent there is frequently misdelivered to tenants in the building.  Mr. Riffin states that, in response to his complaints, the postmaster represented to him that it is not possible to prevent occasional misdelivery at the building.  If Mr. Riffin was aware of chronic difficulties in reliably receiving mail at his address of record, it was his responsibility to rectify that problem, such as by checking with other tenants for misdelivered mail more frequently than once-per-month, as he

asserts he does, or by providing the Court with a more reliable address. He has not indicated that he made any such attempts to address the issue.

Fourth, Mr. Riffin rejects the Court's reliance on his litigation history as a bankruptcy appellant, because in several of his prior cases he made the "conscious decision" to allow the appeals to be dismissed, and in several others, the appeals were not actually dismissed or were dismissed for reasons other than failure to file a timely appellate brief. None of this changes the fact that Mr. Riffin's litigation history establishes that he should be well aware of the deadline under Rule 8009(a) for filing a bankruptcy appellant's brief and demonstrates a pattern of disregard for Rule 8009(a). Indeed, Mr. Riffin's conscious election to disregard the appellate deadline in several cases is no excuse and, if anything, provides further support for the Court's determination that he was, at best, negligent in his disregard for the deadline in this case. Mr. Riffin's privately held reasons for disregarding the deadline are irrelevant; the Court is not required to read his mind.

Fifth, Mr. Riffin contends that the Court effectively imposed upon him a duty to proactively monitor the docket, in disregard of the Fourth Circuit's teachings in *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403 (4th Cir. 2010). To be sure, this Court made the observation (after expressly taking note of the rule of *Robinson*), that Mr. Riffin "easily could have discovered that the appeal had been docketed in this Court by reviewing the docket." ECF 12 at 5. But, Mr. Riffin overlooks the applicable presumption that he received the Clerk's properly addressed notice to him of the docketing of the appeal. *See In re Weiss*, 111 F.3d 1159, 1172-73 (4th Cir. 1997). To the extent that he did not actually receive the notice, as he claims, it is, by his own admission, the result of his failure to provide the Court with an address of record at which

he could reliably receive mail, despite being well aware of persistent difficulties in receiving court notices at the address he provided. In the words of the *Robinson* Court, this amounts to "willful blindness"—an "affirmative decision to remain in the dark." *Robinson*, 599 F.3d at 409. Mr. Riffin "cannot make the calculated choice to take no action with respect to his . . . inaccessibility [by mail] . . . and then avail himself of discretionary relief from the consequences of that choice." *Id.* at 411.

Finally, Mr. Riffin addresses the merits of his appeal. He contends that, in the ruling from which he appeals, *see* Order of Feb. 8, 2012 (ECF 1-15), the Bankruptcy Court (Rice, J.) erred by dismissing, on *res judicata* grounds,[3] his adversary proceeding seeking to determine whether his obligations under orders entered by the Circuit Court for Baltimore County were discharged in bankruptcy. The earlier order on which Judge Rice relied was issued by Judge Kier, and considered whether the obligations under the state court orders were barred by the automatic stay and Mr. Riffin's subsequent bankruptcy discharge. *See* Order of February 22, 2011 (ECF 1-8). The critical issue that Mr. Riffin claims was never addressed on the merits by the Bankruptcy Court in either order is whether his discharge in bankruptcy operated to discharge his personal obligation to retain, at his own expense, the services of an engineering firm to develop a remediation plan for a parcel of real property that he owns. He contends that the Supreme Court's teachings in *Ohio v. Kovacs*, 469 U.S. 274 (1985), among other cases, compel the conclusion that this obligation is a "monetary obligation" that is dischargeable in

---

[3] It is not clear from review of the challenged Order of the Bankruptcy Court, issued on February 8, 2012 (ECF 1-15), whether Judge Rice relied on *res judicata* principles, ruled more generically on the basis of the law of the case, or simply adopted by reference the reasoning of a prior order of the Bankruptcy Court.

bankruptcy. Moreover, he alleges that appellees, in disregard of his discharge in bankruptcy, continue to insist he is personally liable to make these expenditures.

This claim might be worthy of consideration on the merits by the Bankruptcy Court. But, this Court's Dismissal Order was not based on the merits of Mr. Riffin's appellate claims. Rather, it was based on Mr. Riffin's negligent failure to file a timely appellate brief addressing his claims, the prejudicial effect of this failure on appellees and on judicial economy, and the apparent inadequacy of a lesser sanction than dismissal to provide an incentive to Mr. Riffin for future compliance with the Federal Rules of Procedure. *See In re Weiss*, *supra*, 111 F.3d at 1173 (stating standard for dismissal of bankruptcy appeal for noncompliance with Fed. R. Bankr. P. 8009(a)).

Nothing in Mr. Riffin's Rule 60 Motion persuades me that I "'overlooked or misapprehended'" any relevant matter in ruling as I did. *In re Zegeye*, *supra*, 2005 WL 544763, at *2 (quoting Fed. R. App. P. 40(a)(2)). Accordingly, the Rule 60 Motion does not state a basis for rehearing under Fed. R. Bankr. P. 8015, and will be denied. An appropriate Order follows.

Date:  November 2, 2012           /s/
                                  Ellen Lipton Hollander
                                  United States District Judge